IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | |
| | Case No.: 20-12677 |
| Patricia McCormack | Chapter 13 |
| | Judge Ashely M. Chan |
| Debtor(s) | * * * * * * * * * * * * * * * * * * |
| | |
| U.S. Bank National Association | Date and Time of Hearing |
| Movant, | Place of Hearing |
| vs | September 1, 2020 at 02:00 p.m. |
| | |
| Patricia McCormack | U.S. Bankruptcy Court |
| Joseph McCormack | 900 Market Street, Courtroom #4 |
| | Philadelphia, PA, 19107 |
| WILLIAM C. MILLER, Esq. | |
| Respondents. | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY AND MOTION FOR SANCTIONS IN THE FORM OF IN REM RELIEF TO PERMIT U.S. BANK NATIONAL ASSOCIATION TO FORECLOSE ON 204 MCKEAN STREET, PHILADELPHIA, PA 19148**

U.S. Bank National Association (the "Creditor") moves this Court, under Bankruptcy Code §§ 361, 362, 363, 1301, and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007 for an order conditioning, modifying, or dissolving the automatic stay imposed by Bankruptcy Code § 362, and the Co-Debtor Stay imposed by Bankruptcy Code § 1301, and imposing sanctions in the form of in rem relief pursuant to § 362(d)(4). In support of the Motion, Creditor avers as follows:

1.  This is an action arising pursuant to a case under Title 11 of the United States Code.

2.  Creditor is a lending institution duly authorized to conduct business in the Commonwealth of Pennsylvania.

3. Creditor is a party-in-interest in the above referenced Bankruptcy matter as it is a secured creditor of the Debtor.

4. Patricia McCormack ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 18, 2020 ("Petition").

5. Debtor and Joseph McCormack ("Co-Debtor") are currently obligated to U.S. Bank National Association, under the terms of a certain Note, dated October 25, 2006, in the original principal amount of $203,000.00 executed by Debtor and Co-Debtor (hereinafter "Note").

6. As security for repayment of the Note, Debtor and Co-Debtor executed a certain Mortgage, dated of even date and of even amount, currently in favor of U.S. Bank National Association, with respect to certain real property owned by the Debtor and Co-Debtor located at 204 McKean Street, Philadelphia, PA 19148 (hereinafter "Mortgaged Premises") and being recorded in Philadelphia County Recordings Office at Instrument Number 51561637 on October 31, 2006 in the Office of the Commissioner of Records in and for Philadelphia County, Pennsylvania ("Mortgage").

7. The loan was modified per the terms of the Loan Modification Agreements attached hereto as Exhibit "A", "B", and "C".

8. As of June 23, 2020, Debtor has failed to make the required monthly mortgage payments under the terms of the Note and Mortgage and the account is contractually delinquent for November 1, 2018.

9. Due to said failure by Debtor and Co-Debtor to make payments when due, Creditor lacks adequate protection of its security interest in the Mortgaged Premises.

10. The total loan balance due to U.S. Bank National Association is $247,888.93, as of June 23, 2020.

11. The automatic stay of Section 362 of the Bankruptcy Code should be terminated with respect to the interest of U.S. Bank National Association in the Mortgaged Premises, pursuant to Section 362(d)(1).

12. The Co-Debtor Stay of Section 1301 of the Bankruptcy Code should be terminated with respect to the interest of U.S. Bank National Association in the Mortgaged Premises, pursuant to Section 1301(c).

13. Creditor is also entitled to sanctions in the form of *in rem* relief under 11 U.S.C. § 362(d)(4) so that the Property cannot be subject to the automatic stay in a subsequent bankruptcy filing for a period of two years pursuant to 11 U.S.C. § 362(d)(4).

14. Debtor has engaged in a scheme to delay, hinder and defraud creditors that involves multiple bankruptcy filings affecting the Property. The sequence of events is as follows:

   a. The first bankruptcy filed by the Debtor and Co-Debtor, case number 08-14863, was filed on July 30, 2008. The bankruptcy case was dismissed on October 21, 2010 for Debtor and Co-Debtor's failure to make plan payments. A copy of the bankruptcy docket is attached as Exhibit "D".

   b. The second bankruptcy, case number 18-11395, was filed on March 1, 2018. That bankruptcy case was dismissed on November 6, 2018 for Debtor's failure to make plan payments. A copy of the bankruptcy docket is attached as Exhibit "E".

   c. The third bankruptcy, case number 19-10996, was filed on February 18, 2019. That bankruptcy case was dismissed on November 4, 2019 for Debtor's failure to make plan payments. A copy of the bankruptcy docket is attached as Exhibit "F".

      d.      The current chapter 13 bankruptcy was filed by the Debtor on June 18, 2020 and is case number 20-12677.

15.      A review of each of the foregoing cases reveals that the Debtor took little to no steps toward prosecuting each of the aforementioned cases. Each case was dismissed due to Debtor's failure to make the required plan payments.

16.      The pattern is the same in each case and is an abuse of the protection afforded by the provisions of the Bankruptcy Code. The outright failure to prosecute each case evidences the Debtor's scheme to delay, hinder, and defraud creditors under 11. U.S.C § 362(d)(4).

17.      Debtor fails to meet the good faith requirement imposed by 11 U.S.C. § 1325(a)(3), which requires a bankruptcy petition to propose a Chapter 13 plan in good faith and not by any means forbidden by law, 11 U.S.C § 1325(a)(3).

18.      The Debtor's current Chapter 13 filing is the fourth bankruptcy filing and the third in a series of abusive filings involving the mortgaged property and has not been proposed in good faith. The Debtor has not shown any significant change in circumstances that might lead the Court to believe this case will be any more successful than the three prior cases filed by the Debtor. The Debtor's prior cases were dismissed for failure to make plan payments. A comparison of debtor's schedules in the current case and prior case reveals that there is little change in the financial circumstances as debtor's income is identical and expenses are nearly identical. Debtor's plan and petition have not been filed in good faith.

19.      Under U.S.C. § 1325(a)(3), a bankruptcy petitioner must propose a Chapter 13 plan in good faith and not by any means forbidden by law. In determining whether good faith exists, the court must conduct a facts intensive review based upon the totality of the circumstances. In re Legree, 2002 Bankr. LEXIS 1560, *1, 285 B.R. 615 (Bankr. E.D. Pa. 2002).

Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in considering the totality of the circumstances. A history of serial filings and dismissals can be evidence of bad faith. A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. In re Legree, 2002 Bankr. LEXIS 1560, *1, 285 B.R. 615 (Bankr. E.D. Pa. 2002).

20.     The Debtor's current Chapter 13 filing has not been made in good faith and thus violates 11 U.S.C. § 1325(3). The Debtor has not shown any changed circumstances that might lead the Court to believe this case will be successful, unlike the prior cases filed by the Debtor.

## I. Law and Argument

The Court should sanction Debtor and protect Creditor by issuing an order granting *in rem* relief. The totality of the circumstances shows that Debtor has abused the bankruptcy system to delay, hinder and defraud Creditor's right to collateral.

**A. The court should grant *in rem* relief because the failure to prosecute multiple bankruptcy cases, together with the timing of the petitions, including the present petition, evidence Debtor's scheme to delay, hinder and defraud creditors under 11 U.S.C. §362(d)(4).**

Creditor is entitled to sanctions in the form of *in rem* relief under 11 U.S.C. §362(d)(4) so that the Property cannot be subject to the automatic stay in a subsequent bankruptcy for a period of two years pursuant to 11 U.S.C. §362(d)(4) for the reasons that follow.

One of the primary purposes of the bankruptcy code is to provide the "honest but unfortunate debtor" with the opportunity to make a "fresh start". 308 B.R. 843, 848-849 (E.D. Tenn 2004). However, all bankruptcy petitions must be filed in good faith and must be fundamentally fair in a manner that complies with the spirit of the Bankruptcy Codes provisions. *Id*. In making a determination as to whether a bankruptcy filing is made in good faith, the Court uses a totality of the circumstances test. *In re Legree*, 285 B.R. 615 (Banrk. E.D. Pa. 2002). Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in consider the totality of circumstances. A history of serial filings and dismissals can be evidence of bad faith. A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. *Id*.

1. *Debtor's multiple filings evidence bad faith.*

A review of the Debtor's four bankruptcy cases reveals that Debtor did not take all the steps towards prosecuting the bankruptcy cases, as the three previous cases were dismissed for failure to make plan payments. The evidence shows that Debtor has failed to play by the same rules invoked to stay Creditor's rights in the Property. Debtor has not completed any of the past bankruptcy cases. Debtor's sole accomplishment has been to prevent Creditor from proceeding in its foreclosure action multiple times – Debtor has, thus, acted in bad faith.

    2. *Debtor's repeated inability to cure the default evidences bad faith.*

As further evidence of Debtor's scheme is the fact that the loan in question is delinquent and contractually due for the November 1, 2018 through June 1, 2020 payments, as of June 23, 2020. As a result, the totality of the circumstances shows that the Debtor has been filing petitions in bad faith.

**B. The Court should grant *in rem* relief to prevent future abuse.**

*In rem* relief will protect Creditor from future abuses and minimizes damages to Creditor going forward. Due to the history of abusive filings, Creditor respectfully requests sanctions in the form of *in rem* relief. The code allows for such relief, and the purpose and effect of that section is to prevent successive attempts at abuse from affecting Creditor's rights of the subject Property. *CF. In re Lee*, 467 B.R. 906, 920-22 (6th Cir. B.A.P. 2012). Such an order is justified here where the facts show a lack of diligence in prosecuting the subsequent bankruptcy cases. As a result of the foregoing, an *in rem* relief order is the only way to avoid future abuse.

WHEREFORE, U.S. Bank National Association respectfully requests this Honorable Court to enter an Order:

    a) Terminating the automatic Stay of Section 362 and Co-Debtor Stay of Section 1301; and

    b) Imposing sanctions in the form of in rem relief under 11 U.S.C. §362(d)(4), terminating the Automatic Stay as it affects the interest of U.S. Bank National Association in the Mortgaged Premises of the Debtor and Co-Debtor specifically identified in the Mortgage; and

    c) Such other relief as this Honorable Court may deem just.

Respectfully submitted,

/s/ Karina Velter
_____

Karina Velter, Esquire (94781)
Adam B. Hall (323867)
Sarah E. Barngrover (323972)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Karina Velter.
Contact email is kvelter@manleydeas.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | |
| **Patricia McCormack** | **Case No.: 20-12677** |
| | **Chapter 13** |
| | **Judge Ashely M. Chan** |
| **Debtor(s)** | * * * * * * * * * * * * * * * * * |
| | |
| **U.S. Bank National Association** | **Date and Time of Hearing** |
| **Movant,** | **Place of Hearing** |
| vs | **September 1, 2020 at 02:00 p.m.** |
| | |
| **Patricia McCormack** | **U.S. Bankruptcy Court** |
| **Joseph McCormack** | **900 Market Street, Courtroom #4** |
| | **Philadelphia, PA, 19107** |
| **WILLIAM C. MILLER, Esq.** | |
| **Respondents.** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion for Relief from the Automatic Stay and Co-Debtor Stay and Motion for Sanctions in the form of In Rem Relief to permit U.S. Bank National Association to foreclose on 204 McKean Street, Philadelphia, PA 19148 was served on the parties listed below via e-mail notification:

Office of U.S. Trustee, Party of Interest, (Registered address)@usdoj.gov

WILLIAM C. MILLER, Esq., Chapter 13 Trustee, P.O. Box 1229, Philadelphia, PA  19105, ecfemails@ph13trustee.com

MICHAEL ADAM COHEN, Attorney for Patricia McCormack, Law Office of Michael A. Cohen, 2113 Snyder Ave., Philadelphia, PA  19145, mcohen1@temple.edu

The below listed parties were served via regular U.S. Mail, postage prepaid, on  __August 3__, 2020:

Patricia McCormack, 204 McKean St, Philadelphia, PA  19148

Patricia McCormack and Joseph McCormack, 204 McKean Street, Philadelphia, PA  19148

Case 20-12677-amc    Doc 13    Filed 08/03/20    Entered 08/03/20 15:45:21    Desc Main
Document      Page 10 of 10

Water Revenue Bureau, 1401 JFK Blvd., Philadelphia, PA  19102

DATE:  August 3, 2020

   /s/ Karina Velter
Karina Velter, Esquire (94781)
Adam B. Hall (323867)
Sarah E. Barngrover (323972)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Karina Velter.
Contact email is kvelter@manleydeas.com